NO. 07-03-0433-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 18, 2004

_____

ROBERT JOHNSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439339; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Robert Johnson (appellant) appeals his conviction of possession of controlled substance of less than one gram in a drug free zone. The clerk's record was filed on December 23, 2003, the reporter's record was filed on November 19, 2003, and a supplemental reporter's record was filed on November 24, 2003. Thus, appellant's brief was due on January 22, 2004. However, one was not filed on that date. On February 2,

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

2004, this Court notified counsel for appellant that neither the brief nor an extension of time to file appellant's brief had been filed. Counsel for appellant was also admonished that if appellant did not respond to the court's letter by February 12, 2004, the appeal would be abated to the trial court. That date has passed, and appellant has not filed a brief or moved for an extension. Nor has he responded to the court's February 2nd letter.

Consequently, we abate this appeal and remand the cause to the 364th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent and entitled to appointed counsel; and,

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, has appointed counsel, and has been denied effective assistance of counsel, or has no counsel, then we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing

2

the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before March 19, 2004. Should additional time be needed to perform these tasks, the trial court may request same on or before March 19, 2004.

It is so ordered.

Per Curiam

Do not publish.